United States Court of Appeals,

Fifth Circuit.

No. 94-10908.

UNITED STATES of America, Plaintiff-Appellant,

v.

RESTLAND FUNERAL HOME, INC., a corporation, et al., Defendants-Appellees.

May 2, 1995.

Appeal from United States District Court for the Northern District of Texas.

Before JONES, DUHÉ and STEWART, Circuit Judges.

STEWART, Circuit Judge:

The sole issue presented in this appeal is whether the authority to file suit, granted to the *Federal Trade Commission* (FTC) by 15 U.S.C.S. § 56(a)(1), is exclusive such that only the FTC (*and not the Attorney General* ) may file suit after the 15 U.S.C.S. § 56(a)(1)(B) 45 day period. For the following reasons, we conclude that § 56(a)(1) grants the FTC supervisory authority, but does not *bar* the Attorney General from filing suit after the 45 day period.

FACTS

In accordance with 15 U.S.C.S. § 56(a), the Federal Trade Commission (hereinafter, "the FTC") gave the Attorney General written notification on August 22, 1991 of a contemplated suit against five Texas funeral homes. On December 3, 1991, the United States, through the Attorney General, filed suit against the five funeral homes[1] under the Federal Trade Commission Act (FTC Act), alleging violations of the "Funeral Rule", an industry-wide rule which regulates the funeral industry. The Complaint for Civil Penalties, Injunctive, and Other Relief begins as follows:

> Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), for its complaint alleges....

The district court found that, after the 45 day reservation of authority for the Attorney General to file

---

[1]The five funeral homes are: Restland Funeral Home, Inc.; Laurel Land Funeral Home, Inc.; Singing Hills Funeral Home, Inc.; Bluebonnet Hills Funeral Home, Inc.; and Laurel Land Funeral Home of Fort Worth, Inc.

suit has expired, 15 U.S.C.S. § 56(a)(1) grants *exclusive* authority to the FTC to bring suit for alleged violations of the FTC Act. The district court then dismissed the suit for lack of subject matter jurisdiction. The United States (Attorney General/Department of Justice, hereinafter referred to as "the Government") appeals asserting that, after the 45 day period, the Attorney General and the FTC have *concurrent* authority to institute suit. We agree.

## DISCUSSION

The appellees contend that the district court correctly found that it had no subject matter jurisdiction because the suit against them was filed by the Attorney General rather than the FTC and was filed more than 45 days after the FTC gave notice to the Attorney General.

The conduct and supervision of litigation is reserved to the Attorney General, except as otherwise authorized by law. 28 U.S.C.S. §§ 516 and 519. The FTC's authority to file suit and supervise litigation is granted by 15 U.S.C.S. § 56(a)(1) as follows:

Except as otherwise provided ..., if—

(A) before commencing, defending, or intervening in, any civil action involving this Act (including an action to collect a civil penalty) which the Commission, or the Attorney General on behalf of the Commission, is authorized to commence, defend, or intervene in, the Commission gives written notification and undertakes to consult with the Attorney General with respect to such action; and

(B) the Attorney General fails within 45 days after receipt of such notification to commence, defend, or intervene in, such action;

the Commission may commence, defend, or intervene in, and supervise the litigation of, such action and any appeal of such action in its own name by any of its attorneys designated by it for such purpose.

An exception to the Title 28 grant of authority to the Attorney General could mean either that an agency "may" exercise one or more of these litigation rights, or that the agency "shall have exclusive authority" to exercise one or more of these litigation rights. Congress made this distinction by using the "may" language of 15 U.S.C.S. § 56(a)(1) and the "shall have exclusive authority" language in 15 U.S.C.S. § 56(a)(2).[2]

---

[2]Section 56(a)(2) states that,

Except as otherwise provided ..., in any civil action—

In 15 U.S.C.S. § 56(a)(1), Congress gives the FTC the right to supervise and intervene in, as well as to file, civil penalties suits. This grant of supervision authority (after the 45 day period) to the FTC is an exception to the 28 U.S.C.S. §§ 516 and 519 authority, but does not constitute a Congressional mandate that bars the Attorney General from filing suit under supervision of the FTC. We conclude that 15 U.S.C.S. § 56(a)(1) gives the FTC the post-45-day-period-ability to monitor the litigation, without regard to whether suit is filed by the FTC or by the Attorney General.[3]

The instant complaint states that notification and authorization were given *to* the Attorney General *by* the FTC. The name and address of an FTC attorney is typed in as "Of Counsel" below

> (A) under section 13 of this Act [15 U.S.C.S. § 53] (relating to injunctive relief);
>
> (B) under section 19 of this Act [15 U.S.C.S. § 57b] (relating to consumer redress);
>
> (C) to obtain judicial review of a rule prescribed by the Commission, or a cease and desist order issued under section 5 of this Act [15 U.S.C.S. § 45]; or
>
> (D) under the second paragraph of section 9 of this Act [15 U.S.C.S. § 49] (relating to enforcement of a subpena) [sic] and under the fourth paragraph of such section (relating to a compliance with section 6 of this Act [15 U.S.C.S. § 46] );
>
> the Commission shall have exclusive authority to commence or defend, and supervise the litigation of, such action and any appeal of such action in its own name by any of its attorneys designated by it for such purpose, unless the Commission authorizes the Attorney General to do so. The Commission shall inform the Attorney General of the exercise of such authority and such exercise shall not preclude the Attorney General from intervening on behalf of the United States in such action and any appeal of such action as may be otherwise provided by law.

---

[3]We are not persuaded by the appellees' argument that the instant facts fall within the "dual surveillance and enforcement" language of *United States v. St. Regis Paper Co.,* 355 F.2d 688, 692 (2nd Cir.1966). Under the FTC Act, "the duty and responsibility for determining what business procedures fall within the purview of Section 5 and for determining whether cease and desist orders issued to eliminate the anti-competitive effects of these practices have been complied with or violated was delegated solely to the FTC." *Id.* at 693. The *St. Regis Paper Co.* "dual surveillance and enforcement" language, which appellees quote in support of the district court judgment, addresses the potential problem of dual determination of whether to sue, i.e., the pre-notification process during which the existence and extent of violations are determined. In other words, *St. Regis Paper Co.* indicates that it is unfair for both the Attorney General and the FTC to determine *what constitutes* a violation, because it is solely the FTC's role to determine policy under the FTC Act. Thus, *St. Regis Paper Co.* is not on point regarding what happens *after* there has already been FTC certification plus the 45 day post-notification period.

the signatures on the complaint.[4]  A number of the pleadings show that the defendants sent a copy to the FTC.  Similarly, a number of the plaintiff's pleadings list the FTC attorney as "Of Counsel".  The FTC is listed as a plaintiff on the docket sheet, and copies of the court's orders have been forwarded to the FTC just as they were forwarded to the parties.  Indeed, the FTC appears to have exercised its § 56(a)(1) supervisory authority by maintaining its "Of Counsel" status on the initial complaint, as well as during later stages of these proceedings.

The actions of the parties and the FTC, as reflected in the record, are consistent with our interpretation of § 56(a)(1):  This statute gives the FTC the post-45 day-period authority to "commence, defend, or intervene in, and supervise the litigation of", but does not expressly bar the Attorney General from filing suit for, violations of the FTC Act.  Unlike the language used in § 56(a)(2), t he "may" language in § 56(a)(1) indicates that the FTC has the right to exercise this authority;  there is no indication that the right to commence litigation is granted exclusively to the FTC.  The language of the statute is not ambiguous in this regard.

We hold that § 56(a)(1) does not prohibit the Attorney General from commencing litigation under the FTC Act after the statute's 45 day period, as long as the Attorney General's action is not in derogation of the rights granted to the FTC.  In the instant case, the Attorney General has not filed this action in contravention of the FTC's 15 § 56(a)(1) rights.  Accordingly, the district court erred in dismissing the complaint.

The district court judgment is REVERSED, and the case is remanded for further proceedings.

---

[4]Black's Law Dictionary 1080 (6th ed. 1990) defines the term "Of Counsel", in pertinent part, as follows (emphasis ours):

> A phrase commonly applied in practice to the counsel employed by a party in a cause, *and particularly to one employed to assist in the preparation or management of an action,* or its presentation on appeal, but who is not the principal attorney of record for the party.