**NORTH AMERICAN BROADCASTING, LLC, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 07–56299.**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 12, 2008.*

Filed Dec. 31, 2008.

Patrick C. McGarrigle, Esquire, Law Offices of Patrick C. McGarrigle, Los Angeles, CA, Philip A. Zampiello, Esquire, McGarrigle Kenney & Zampiello, Chatsworth, CA, for Plaintiff–Appellant.

Robert I. Lester, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: PREGERSON and D.W. NELSON, Circuit Judges, and SINGLETON,** District Judge.

MEMORANDUM ***

North American Broadcasting, LLC ("NAB"), sued the Federal Trade Commis-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sion ("FTC") under the Federal Tort Claims Act seeking to recover $2.2 million in damages suffered as a result of the actions of a court-appointed receiver. In its complaint NAB alleged three causes of action: (1) negligence; (2) conversion; and (3) breach of a fiduciary duty. The district court granted summary judgment in favor of the FTC, holding that most of the claims were barred by the applicable limitations and, as to the remainder of the claims, the FTC was not liable for any loss resulting from the acts of the receiver. The remaining facts are known to the parties and will not be repeated.

We review *de novo* the district court's grant of summary judgment and, viewing the evidence in the light most favorable to the non-moving party, determine whether there are any genuine issues of material fact for trial. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir.2008). The interpretation and application of a federal statute is a question of law reviewed *de novo. SEC v. Gemstar TV Guide Intern., Inc.*, 367 F.3d 1087, 1091 (9th Cir.2004).

Whether a claim is barred by the statute of limitations is generally reviewed *de novo. Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1175 (9th Cir.2000). However, a district court's decision whether to equitably toll a statute of limitations is generally reviewed for an abuse of discretion, unless the facts are undisputed, in which case it too is a legal question reviewed *de novo. Id.*

■ NAB contends that it is entitled to equitable tolling. NAB's argument is foreclosed by our recent decision in *Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008), holding that 28 U.S.C. § 2401(b) is jurisdictional and, therefore, not subject to equitable tolling, overruling *Alvarez–Machain v. United States*, 107 F.3d 696, 701 (9th Cir.1996).

■ Under the FTCA the FTC is liable for the actions of its employees to the same extent as a private party would be. 28 U.S.C. § 2674; *see also* 28 U.S.C. § 1346(b)(1). The FTC argues that a court-appointed receiver is not an employee of the FTC. We agree. A court-appointed receiver is an officer of the court, appointed on behalf and for the benefit of all the parties having an interest in the property, not for the plaintiff or defendant alone. The property in his hands is in *custodia legis;* it is the court itself that has the care of the property in dispute. The receiver is but the creature of the court having no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court. *Booth v. Clark,* 58 U.S. 322, 331, 17 How. 322, 15 L.Ed. 164 (1854); *see also Crites, Inc. v. Prudential Ins. Co. of America,* 322 U.S. 408, 414, 64 S.Ct. 1075, 88 L.Ed. 1356 (1944) (holding that a receiver is an officer of the court); *SEC v. Capital Consultants, LLC,* 397 F.3d 733, 738 (9th Cir.2005) (discussing supervisory role of district court over receivers); *SEC v. American Principals Holding, Inc. (In re San Vincente Medical Partners Ltd.),* 962 F.2d 1402, 1409 (9th Cir.1992) (holding that a receiver is not an agent but an officer of the court who manages the property under the authority of the court).

NAB's reliance on 15 U.S.C. § 56(a)(2) is misplaced. Taken in proper context, § 56(a) is concerned with whether the action may be commenced or supervised by the Attorney General or the FTC. Section 56(a) is concerned with a single issue— whether an action may be brought by the Attorney General or by the FTC. *See United States v. Restland Funeral Home, Inc.,* 51 F.3d 56, 57–58 (5th Cir.1995) (holding that the use of the word "may" in § 56(a)(1) as opposed to "shall" in § 56(a)(2) gives both the Attorney General and the FTC "rights" to bring an action

under § 56(a)(1), while § 56(a)(2) confers that authority exclusively upon the FTC). Nothing in § 56(a) compels either the Attorney General or the FTC to initiate, defend or supervise litigation on behalf of the United States or the FTC, it does nothing more than authorize such actions.

■ NAB's reliance on the internal policies of the FTC is likewise misplaced. The FTC's policies regarding the oversight of receivers are not regulations promulgated under the Administrative Procedures Act and do not have the force and effect of law; they may not be relied upon to create a private cause of action. *See United States v. American Prod. Indus., Inc.,* 58 F.3d 404, 407 (9th Cir.1995); *In re Shain,* 978 F.2d 850, 853–54 (4th Cir.1992).

AFFIRMED.